

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NS:KCB/VAZ            *271 Cadman Plaza East*
F. #2021R00866        *Brooklyn, New York 11201*

April 10, 2022

By ECF and E-mail

The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:     United States v. Mileta Miljanic
                     Criminal Docket No. 21-191 (LDH)

Dear Judge DeArcy Hall:

        The government respectfully submits this letter in advance of the sentencing for the defendant Mileta Miljanic, also known as "Mike" and "Mike Mike," currently scheduled for May 5, 2022. For the reasons set forth below, the government respectfully requests that the Court depart upwardly from the United States Sentencing Guidelines ("Guidelines") range of 10 to 16 months' imprisonment and impose a sentence of 21 months' imprisonment and a substantial fine.

I.      Background

        On February 23, 2021, law enforcement agents recovered a loaded gun from the residence of the defendant, who has multiple prior convictions.

        The defendant's gun possession follows a history of committing crimes and fleeing from justice. The defendant has a prior felony conviction in the Eastern District of New York as well as a conviction in Ohio. Specifically, on July 25, 1984, the defendant was convicted of conspiring to commit wire fraud and bank fraud and sentenced to three years' imprisonment. (See Presentence Investigation Report ("PSR") ¶ 22); see also No. 84-CR-307 (CPS). The defendant served 20 months in prison before being released on parole. (See PSR ¶ 22.) The defendant also has a prior conviction in Ohio for misdemeanor theft and forgery, for which he served six months' imprisonment. (Id. ¶ 21.)

In May 2010, the defendant was arrested in Italy for participating in a scheme involving large-scale distribution of cocaine in Italy. (Id. ¶ 23.) Following this arrest, in 2012, the defendant was convicted of cocaine distribution, in violation of Italian law, specifically Article 73(1) of Decreto Presidente della Repubblica 9 ottobre 1990, n.309, and was sentenced to six years' imprisonment. (See id.) In or about May 2014, the defendant was granted work release in connection with his Italian sentence of imprisonment, but he absconded within three months. (See id.) An Italian arrest warrant is pending, because he has yet to finish serving approximately 14 months of imprisonment in Italy. (See id.)

After fleeing from Italy, the defendant came to the United States and incorporated a construction company in Ridgewood, New York. (See id. ¶ 50.) As previously publicly disclosed, the defendant is currently under investigation by the United States Attorney's Office for the Southern District of New York ("SDNY") for racketeering conspiracy involving bribery, wire fraud and honest services fraud related to the construction industry involving the Gambino crime family of La Cosa Nostra, with whom Miljanic associates. (See id. ¶ 3.) The SDNY investigation concerns, among other things, obtaining large construction contracts through illicit means and using construction companies, such as multiple ones owned by the defendant, to launder money obtained through various illegal activities. (See id.) The defendant has been observed meeting with Louis Filippelli, a powerful captain in the Gambino crime family, as well as other members of the Gambino crime family. (See id.)

In connection with the SDNY investigation, the Honorable Vera M. Scanlon, United States Magistrate Judge, issued a warrant to search the defendant's apartment in Queens, New York. (See id. ¶ 4.) On February 23, 2021, law enforcement agents executed the warrant and found the defendant and others in the apartment at the time. (See id.) Law enforcement agents recovered a Taurus PT-22 LR semi-automatic pistol, loaded with seven rounds of ammunition, in the top drawer of the nightstand next to the defendant's bed. (See id.) The defendant admitted that the semi-automatic firearm was his. (See id.) Moreover, law enforcement agents recovered the defendant's DNA from the firearm. (See id. ¶ 5.)

On April 7, 2021, a grand jury sitting in the Eastern District of New York returned an indictment charging the defendant with being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). (ECF No. 7.) On December 10, 2021, the defendant pleaded guilty to the sole count of the indictment pursuant to a plea agreement. (ECF No. 24; PSR ¶ 1.) The defendant was detained following his arrest on February 24, 2021 and has spent approximately 13 and a half months in federal detention as of the date of this letter. (See ECF No. 2.)

II.     Guidelines Calculation

The PSR calculated the Guidelines as set forth below, which is consistent with the calculation set forth in the plea agreement:

| | |
|---|---:|
| Base Offense Level (§ 2K2.1(a)(6)) | 14 |
| Less:   Acceptance of Responsibility (§ 3E1.1(a)) | -2 |
| Total: | 12 |

The total offense level is 12, which carries an advisory Guidelines range of 10 to 16 months' imprisonment, given that the defendant falls within Criminal History Category I. (See PSR ¶ 59.)

Nonetheless, as explained in the PSR, the Court may depart upwards from the Guidelines range because the defendant's Criminal History Category "substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1); (see also PSR ¶ 23). The Court may consider, among other things, "[p]rior sentence(s) not used in computing the criminal history category (e.g., sentences for foreign . . . convictions)" and "[w]hether the defendant was pending trial or sentencing on another charge at the time of the instant offense." Id. § 4A1.3(a)(2)(A), (D). The Court "shall determine the extent of a departure . . . by using, as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's." Id. § 4A1.3(a)(4)(A) (emphasis added).

As stated above, the defendant has an outstanding arrest warrant for failing to complete his six-year sentence following a serious narcotics-trafficking conviction in Italy. Because the conviction occurred in a foreign jurisdiction, the sentence is "not counted" for purposes of calculating the Criminal History Category. Id. § 4A1.2(h). But if the conviction had occurred in any jurisdiction within the United States, the defendant would have received three points under U.S.S.G. § 4A1.1(a), because the sentence was imposed fewer than 15 years before law enforcement agents found the firearm in the defendant's nightstand. See id. § 4A1.2(e)(1). Moreover, because the defendant would have "committed the instant offense" while under "escape status" for the sentence, he would have received an additional two points under U.S.S.G. § 4A1.1(d); see also id. § 4A1.2(n) ("For the purposes of § 4A1.1.(d), failure to report for service of a sentence of imprisonment shall be treated as an escape from such sentence."). Accordingly, the Criminal History Category "applicable" to defendants with a strictly domestic criminal history similar to the defendant's would be Criminal History Category III. U.S.S.G. § 4A1.3(a)(4)(A). For a defendant falling within such a Criminal History Category, a total offense level of 12 carries an advisory Guidelines range of 15 to 21 months' imprisonment.

3

III.  Analysis

  A.  Legal Standard

This Court "shall impose a sentence sufficient, but not greater than necessary," to achieve the goals of sentencing. 18 U.S.C. § 3553(a). "[I]n determining the particular sentence to be imposed," the Court "shall consider" certain factors set forth in § 3553(a), including the applicable Guidelines range. Id. The Court must "correctly calculat[e] the applicable Guidelines range" because a miscalculation constitutes "significant procedural error." Gall v. United States, 552 U.S. 38, 49, 51 (2007). The Guidelines range "should be the starting point and the initial benchmark." Id. at 49. Still, the Court "should not presume" the reasonableness of the calculated Guidelines range and "must make an individualized assessment based on the facts presented." Id. at 50. The Court must "adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Id. at 51.

  B.  The Appropriate Sentence

The § 3553(a) factors counsel heavily in favor of a sentence of 21 months' imprisonment, the top of the Guidelines range that would apply had all of the defendant's criminal convictions occurred in the United States, as well as a substantial fine.

Under § 3553(a)(5)(A), the Court shall evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," and the guidance for upward departures under U.S.S.G. § 4A1.3(a) is such a statement. The exclusion of the defendant's Italian sentence and failure to complete it "creates the obvious risk that [his] criminal history category . . . fail[s] to reflect the seriousness of his . . . criminal history." United States v. Simmons, 343 F.3d 72, 77 (2d Cir. 2003). The Supreme Court and the Second Circuit have "encouraged" upward departures based on the "inadequacy of a defendant's criminal history category." Id. at 78 (quoting Koon v. United States, 518 U.S. 81, 94-95 (1996)). It is also "entirely sensible" to calculate criminal history points for foreign convictions in certain circumstances as if they were domestic convictions. Id. Here, the crime of cocaine distribution is "not obscure." United States v. Guzman-Betancourt, 456 F. App'x 64, 67 (2d Cir. 2012). Accordingly, the Court should sentence the defendant as if he had a Criminal History Category of III. See United States v. Reifler, 446 F.3d 65, 111-12 (2d Cir. 2006) (affirming sentence based on Criminal History Category V, even though the defendant's Criminal History Category was III); United States v. Markoneti, 52 F.3d 312 (2d Cir. 1995) (summary order) (sentence based on Criminal History Category VI, despite calculated Criminal History Category of I).

Furthermore, a sentence of 21 months' imprisonment is sufficient but not greater than necessary to reflect the nature and circumstances of the offense and the history and characteristics of the defendant, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. The defendant possessed a loaded firearm while knowingly

4

being not only a felon but also having escaped from custody in Italy. Firearms offenses are particularly serious; and felons who have access to such weapons (especially loaded ones) pose a particularly grave danger to the community.

The Court should also consider the defendant's flagrant disregard of the law by absconding from Italian custody, fleeing to the United States, and committing crimes here. "[D]efendants who have committed their current offense while under another criminal sentence are more 'culpable' and likely to be repeat criminals posing a continuing threat to society than are first offenders or defendants whose previous crimes are less recent." United States v. Dyke, 901 F.2d 285, 287 (2d Cir. 1990).

There is nothing unusual or noteworthy in the defendant's background that would excuse or justify his crime, and there is an overriding interest in punishing firearms offenses, which are a scourge in our communities. Furthermore, the requested sentence will promote both specific and general deterrence. Without a meaningful and substantial penal consequence for the illegal possession of firearms and ammunition, there is limited incentive for individuals, including the defendant, to refrain from carrying and using them.

Accordingly, a sentence of 21 months' imprisonment would reflect the relevant policy statement in U.S.S.G. § 4A1.3(a), the seriousness of the defendant's conduct, and the need to provide adequate specific and general deterrence to future criminal conduct. See 18 U.S.C. § 3553(a)(1), (a)(2).

IV. Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a sentence of 21 months' imprisonment and a substantial fine.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/
Kayla Bensing
Victor Zapana
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of the Court (LDH) (by ECF)
      Defense counsel (by ECF)